IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MARQUIS VALANTEE TATE, | § | |
| | § | |
| *Petitioner*, | § | |
| | § | Civil Action No. H-23-0262 |
| v. | § | |
| | § | |
| BOBBY LUMPKIN, | § | |
| | § | |
| *Respondent*. | § | |

## ORDER OF DISMISSAL AND SANCTIONS

Petitioner, a state inmate proceeding *pro se* and without payment of the filing fee, filed a habeas petition under 28 U.S.C. § 2254 challenging his seven 2018 Harris County convictions and life sentences for aggravated sexual assault.

Federal law requires dismissal of a second or successive petition filed by a state prisoner under section 2254 unless the claim relies on a new rule of constitutional law or the factual predicate could not have been discovered previously through the exercise of due diligence. 28 U.S.C. § 2244(b)(2). A district court is barred from considering a second or successive petition unless the petitioner first moves "in the appropriate court of appeals for an order authorizing the district court to consider the application." *Id.* § 2244(b)(3)(A).

Petitioner has filed a multitude of repetitive and unauthorized successive federal habeas petitions challenging his 2018 convictions; substantially all of these petitions were dismissed for lack of jurisdiction as successive. *See, e.g., Tate v. Lumpkin*, C.A. H-21-3516 (S.D. Tex. Nov. 1, 2021) (dismissing successive petition and listing some of petitioner's

earlier petitions). In all of these dismissals, the Court advised petitioner of his need to obtain authorization from the United State Court of Appeals for the Fifth Circuit to pursue his successive federal habeas petition. *See, e.g., Tate v. Lumpkin*, C.A. No. H-22-2765 (S.D. Tex. Aug. 24, 2022). Nevertheless, petitioner continues to file successive habeas petitions with this Court without seeking authorization from the Fifth Circuit Court of Appeals.

The instant case is no different. Online records for the Fifth Circuit show that petitioner did not request and obtain authorization to file the instant habeas petition. Indeed, the Fifth Circuit's online records show no requests by petitioner to file a successive habeas petition. Accordingly, the Court is without jurisdiction to consider petitioner's claims in this case, and the case must be dismissed.

On October 31, 2022, the Court warned petitioner "that any further filing of unauthorized successive habeas petitions challenging his 2018 convictions may result in the imposition of sanctions, including monetary penalties and/or restrictions on his ability to file pleadings in this Court." *Tate v. Lumpkin*, C.A. No. H-22-3741 (S.D. Tex. Oct. 31, 2022). Despite that warning, petitioner has filed the instant unauthorized successive habeas petition challenging his convictions. This petition stands as petitioner's *fifteenth* unauthorized successive habeas petition challenging his 2018 convictions.

Because petitioner's filing of unauthorized successive habeas petitions continues unabated despite the Court's prior warning, petitioner is **ORDERED** to pay a monetary sanction of $50.00 to the Clerk of this Court. No pleadings invoking this Court's jurisdiction

<u>may be filed by petitioner until this sanction has been paid in full. Petitioner is **WARNED** that his filing of further unauthorized successive habeas petitions will subject him to additional and progressively more severe sanctions</u>.

For the above reasons, the Court **ORDERS** as follows:

1. This case is **DISMISSED WITHOUT PREJUDICE FOR WANT OF JURISDICTION** as an unauthorized successive habeas petition.

2. All pending motions are **DISMISSED AS MOOT**.

3. A certificate of appealability is **DENIED**.

4. Petitioner is **ORDERED** to pay a $50.00 monetary sanction to this Court. Petitioner may not file any pleadings invoking this Court's jurisdiction until the sanction has been paid in full.

Signed at Houston, Texas, on    JAN 2 6 2023    .

ALFRED H. BENNETT
UNITED STATES DISTRICT JUDGE